LOUISVILLE & N. R. Co. *v.* MONTGOMERY.*

(*Knoxville.* September Term, 1916.)

CARRIERS. Carriage of live Stock. Limited liability contract. Burden of proof.

Although a contract limiting liability of a carrier for negligence in respect of delay in transportation casts the burden of showing negligence on the shipper, and a slight delay does not make a *prima facie* case, the shipper need not show a distinct culpable act, so that where several cars of stock were seventy-six, sixty-two and fifty-three hours, in covering a distance usually requiring thirty to thirty-six hours, there was an unreasonable delay sufficient to raise an inference of negligence and shift the burden to the carrier to show that the delay was beyond its control, unavoidable, or a necessary incident to the proper operation of its railroad.

Cases cited and approved: Railroad v. Smith, 123 Tenn., 678; Libby v. Railroad Co., 137 Mo. App., 276; Muir v. Railroad Co., 168 Mo. App., 542; Hunt v. St. Louis, etc., R. Co., 187 Mo. App., 639.

Case cited and distinguished: Hinkle v. Southern R. Co., 126 N. C., 932.

---

FROM LOUDEN.

---

Appeal from the Chancery Court of Loudon County.— HUGH G. KYLE, Chancellor.

JAMES B. WRIGHT, JOHNSON & COX and J. L. NICHOLAS, for appellant.

---

*Upon the question of burden of proof as to negligence of carrier for injury to live stock during transportation see note in 17 L. R. A., 339.

For authorities discussing the question as to duty of carrier to take precautions to prevent loss from delay in transportation of live stock, see note in 39 L. R. A. (N. S.), 644.

CULTON & STOOKSBURG and JOHN J. BLAIR, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

In this action a question arises as to the liability of the railroad company for the loss, by reason of delays in transportation, of live stock shipped from Jena, Tenn., to Cincinnati, Ohio, under a limited liability contract of shipment, one of the clauses of which is as follows:

"Said shipper hereby releases said carrier from all liability for and on account of any and all injury or injuries which the said animals, or any of them, may receive, in consequence of any of them being vicious, wild, unruly, or weak; . . . and also from all damage or injury or loss which may be sustained by reason of any delay or detention in such transportation . . . and for loss or damage to said animals, from any cause or thing whatever not resulting from the negligence of the agents of servants of said carrier."

The contention of the railroad company is, and the lower courts held, that the shipper had failed to carry the burden of proving negligence on its part in respect of delays, as the cause of death of certain of the live stock shipped.

In the suit are involved several distinct shipments. One of the cars was on the road to market terminus seventy-six hours; another sixty-two hours, and the

Louisville & N. R. Co. v. Montgomery.

other fifty-three hours. The usual time for the trip was from thirty to thirty-six hours, the total distance being a little above three hundred miles. The train selected by the shipper was a fast freight. The delays were not explained by the carrier.

One effect of the shipment contract we have held is to relieve the carrier of the burden of proof, in case of loss, casting it upon the shipper in respect to showing negligence on the part of the carrier. *Railroad* v. *Smith,* 123 Tenn., 678, 711, 134 S. W., 866.

However, it is not necessarily required, in order to a recovery by the shipper, that the negligence in the delay be shown directly to be due to some distinct or independent culpable act operating to produce it. Mere delay, or slight delay, may not make a *prima-facie* case of negligence, but if the proof, upon whomsoever the burden be cast, develops facts showing an extraordinary and unreasonable delay, then from that alone is raised an inference that it was a negligent delay, or a delay due to the negligence of the carrier. The *onus* then shifts to the carrier to show that the delay was caused by something beyond its control, or was unavoidable, or was a necessary incident to the proper and prudent operation of its line of railway. The burden, while on the shipper at the outset, may be caused to shift by proof of extraordinary delay in transit.

"Where the delay is an unusual one, and not explained, it is held to be a *prima-facie* evidence of negligence, but that in a case where there is only a

slight delay, the rule is different.'' 4 Elliott on Railroads, section 1483, and cases cited.

There is no fixed standard by which to determine what period will constitute an extraordinary or unreasonable delay in all cases. But there can be no doubt that the period may be such that, in the circumstances, it will, of itself, speak an inference of negligence.

In *Hinkle* v. *Southern R. Co.*, 126 N. C., 932, 36 S. E., 348, 78 Am. St. Rep., 685, where a limited liability contract was involved, it was said:

''It does not appear necessary for the plaintiff to resort to the burden of proof, as the unreasonable detention is, in itself, evidence of negligence. It appears from the evidence that the cattle were four days and three nights, that is, eighty-four hours, in reaching their destination, a distance of four hundred miles. At the present day, the transportation of live stock over a great trunk line of railway at an average rate of less than five miles an hour cannot be considered reasonable diligence, in the total absence of explanation.''

Other illustrations of such extraordinary and unreasonable delays, unexplained by the carrier, are: thirty-one hours for transportation usually requiring but eight to ten hours. *Libby* v. *Railroad Co.*, 137 Mo. App., 276, 282, 117 S. W., 659; the shipment occupying fifty-two hours, while the usual time required was twenty-four hours or less. *Muir* v. *Railroad Co.*, 168 Mo. App., 542, 154 S. W., 877; and see

*Hunt* v. *St. Louis, etc., R. Co.,* 187 Mo. App., 639, 173 S. W., 61, and cases cited, and 6 Cyc. 443.

We are of opinion that the evidence in the pending case raises a fair inference that the delays were negligent or caused by negligence, so as to require the carrier to rebut it. This it could readily have done if the facts justified, since the details of the several trips were peculiarly within the knowledge of its agents and servants.

There was error in so far in the judgment of the court of civil appeals. Modify the same so as to grant a recovery here for such animals as died in transportation; otherwise affirm. So ordered.