CHICAGO—FIRST DISTRICT—OCTOBER, 1921.    105

Alton v. Mineral Point & Northern Ry. Co., 222 Ill. App. 105.

## Byron Alton et al., surviving partners and trading as George Alton & Sons, Appellees, v. Mineral Point & Northern Railway Company, Appellant.

### Gen. No. 25,625.

1. CARRIERS—*ascertainment of reasonableness of time for transportation of live stock.* What is a reasonable time for transportation of cattle is not susceptible of being defined by any general rule, but resort must be had to the circumstances of each case to determine what is a reasonable time.

2. CARRIERS—*presumption as to finding of unreasonable delay in carriage of live stock.* In an action against a carrier for damage to cattle due to delay in transportation, where the jury finds for plaintiffs and no argument is made that the verdict is against the manifest weight of the evidence, it must be presumed that the jury found that the delays were unreasonable.

3. CARRIERS—*burden of proof as to stops in action for delay in carriage of live stock.* In an action for damages sustained by rea son of delays in the transportation of cattle, the burden of showing that certain stops complained of were not regular scheduled stops, and of explaining them in case they were not regular stops, is upon defendant, unless plaintiffs, one of whom was traveling with the cattle, knew the reason for them.

4. CARRIERS—*instruction as to cause of injury to live stock in transportation.* In an action for damages sustained to a shipment of cattle by reason of excessive heat, a request to instruct that, if the jury believed from the evidence that the sole cause of damage to the cattle was the intense heat they should find for defendant, was properly refused where plaintiffs' contention was that the heat would not have damaged the cattle if the train had been kept moving instead of being stopped for unreasonable lengths of time.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 5, 1921.

CARL S. JEFFERSON, for appellant.

CHARLES A. BUTLER, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought suit against defendant to recover damages claimed to have been sustained by them on account of unreasonable delay in the transportation of cattle from Linden, Wisconsin, to Chicago. There was a verdict and judgment in plaintiffs' favor for the amount of their claim, viz., $433.35, and the case is here on defendant's appeal.

The record discloses that on August 20, 1916, plaintiffs, who were in the stock raising business near Linden, Wisconsin, loaded 28 head of cattle and some hogs in two of defendant's cars for transportation to Chicago.

Plaintiffs' position is that the shipment was unreasonably delayed in transit and that while so delayed 4 of the steers died from the excessive heat and the balance of the cattle were deteriorated in quality; that their condition and their delay in arrival at the stock-yards in Chicago necessitated a sale for less than would otherwise have been realized. On the other hand, defendant's position is that there was no unreasonable delay in the transportation of the cattle but that the stops en route were necessary and incident to such transportation and the damage to the cattle caused solely by reason of the excessive heat.

It appears from the evidence that the weather was excessively hot all the time the shipment was in transit. All of the witnesses testified that the day the cattle were loaded and shipped was one of the hottest days known in more than 20 years; that during the trip the cattle were groaning, some of them down, and otherwise indicating that they were suffering from the heat. Four of the cattle died during the trip. When the cattle were unloaded in Chicago their hair was turned toward their heads, indicating that they were in bad condition as a result of the heat. Evidence on behalf of the plaintiffs tended to show that the

cattle were driven from the pasture on Saturday evening, the day before they were loaded, and put in a pen near Linden; that they were taken off water about 5 o'clock the next morning, August 20, which was Sunday; that about 9 or 10 o'clock they were driven from the pen to the loading station about one-half mile distant where they were loaded in the two cars; that they were grass cattle in good condition and weighed about 1,200 pounds each; that the train which was to bring them to Chicago was due at Linden at about 11 a. m. but that it did not arrive until about noon. The shipment was then moved to Highland Junction, Wisconsin, which was the end of defendant's line and the junction point of that road and the Chicago, Milwaukee & St. Paul Railway Company's line. The cattle in question were at Highland Junction about one hour and 50 minutes before the St. Paul train picked them up. The next stop complained of was at Browntown Hill where it was customary to have an extra engine to help pull heavy trains up the grade. Plaintiffs' evidence was to the effect that there was a delay of about an hour at this point waiting for the extra engine although it was customary for the extra engine to be in readiness; that the proper railroad officials were notified a sufficient length of time in advance of the arrival of the train for this purpose, but that the extra engine was not provided until about an hour after the arrival of the train. From that station the train proceeded to Janesville, Wisconsin, where it arrived at 9:50 p. m. and left at 12:30 the following morning. It arrived at Western avenue, Chicago, at 5:25 a. m.; left that station at 6:20 a. m. and arrived at the stockyards at 9:00 a. m. The cattle were unloaded about 11:30 the same morning and were sold between 12 and 1 o'clock. There was evidence that on account of the condition of the cattle and the lateness of the hour plaintiffs' agent had endeavored to sell them to seven buyers be-

fore an offer was made for them. The evidence also tended to show that if the train had been kept moving there would have been a breeze or draft of air through the cars. A witness for the plaintiffs testified that if this had been done the cattle should arrive in good condition. The defendant offered evidence tending to show that the stops complained of were not as long as plaintiffs contended, that they were necessary and incident to the transportation and that the train arrived in Chicago at the usual time.

Defendant contends that the judgment is wrong for the reason that a carrier is not liable for mere delay in transportation but that it is only liable where such delay is unreasonable and damage results. Counsel for defendant argues that the burden of proof was on plaintiffs to show that the delay here complained of was unreasonable and that the stops at the 4 stations mentioned were not regular scheduled stops; that the plaintiffs introduced no evidence "tending to show that the stops made at Highland Junction and at Janesville were other than the usual and customary stops made by trains of appellant and its connections at these junction points." The jury were instructed, at the request of the defendant, that it would not be liable for mere delay, but before plaintiffs could recover the jury must find that the delays complained of were unreasonable. They were further told in one of defendant's instructions that "what is a reasonable time is not susceptible of being defined by any general rule, but the circumstances of each particular case must be resorted to in order to determine what is a reasonable time." We think that this is a correct statement of the law. *Louisville & N. Ry. Co. v. Montgomery*, 136 Tenn. 171; *Hunt v. St. Louis, I. M. & S. Ry. Co.*, 187 Mo. App. 639. Since the jury found for the plaintiffs it must be presumed that they found, under the circumstances, that the delays were unreasonable.

No argument is made that the verdict is against the manifest weight of the evidence and, therefore, we think it established that the delays complained of, under all the circumstances, were found by the jury to be unreasonable.

We think it would be requiring too much to hold that before plaintiffs could recover they must prove that the stops complained of were not regular scheduled stops. Of course, this information was exclusively in the possession of the defendant and could have been readily presented on the trial, and if other than scheduled stops were made, the burden of explaining them would be on defendant unless the plaintiffs, who were traveling with the shipment, knew the reason for them.

Defendant also contends that the court erred in refusing to give the jury an instruction requested by defendant to the effect that if the jury believed from the evidence that the sole cause of the damage to the cattle was the intense heat, then plaintiffs could not recover. We think this instruction was apt to be misleading, for, of course, the heat caused all of the damage but plaintiffs' position is that the heat would not have damaged the cattle if the train had been kept moving and was not stopped for unreasonable lengths of time. This element was not in the instruction and it was properly refused since it was peremptory in form.

The judgment of the county court of Cook county is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.